## THE STATE *vs.* ALONZO G. B. ANDERSON.

New Castle County, September Term, 1893.

**Jurisdiction. Municipal Court. Assault.**—The Municipal Court of the City
. of Wilmington has exclusive jurisdiction of assault in said city.

The defendant was indicted for assault and battery upon an
inspector of elections in the City of Wilmington, the indictment
being drawn under Sec. 2, of Chap. 727, Vol. 19, Laws of Dela-
ware. That section provides that from and after the passage of
that act "The Board of Public Education in Wilmington, the
registration, election and canvass of the vote cast thereat shall in
all respects be conducted in conformity with the provisions of the
election and registration laws governing general elections in the
City of Wilmington, except as in this act otherwise provided."

The effect of this provision was to incorporate certain pro-
visions of Chap. 39, Vol. 19, Laws of Delaware, Sec. 47, of which
reads as follows: " If any person shall knowingly or wilfully ob-
struct, hinder, assault, or by bribery, solicitation or otherwise inter-
fere with any inspector of election, poll clerk or challenger in the
performance of any duty required of him, or which he may by law
be authorized or permitted to perform   *   *   *   every such
person shall be guilty of a misdemeanor, and upon conviction
thereof shall be punished by imprisonment in the county jail for
not more than two years, or by a fine of not more than two hun-
dred dollars, or both."

By Sec. 53 of the same act it was made the special duty of the
Attorney General " to immediately prosecute all complaints which
may be made of a violation of any of the provisions of this act to
final judgment."

*Hayes* and *Ward,* for the defendant, moved to quash the writ for
want of jurisdiction. They contended that under the charter of
the City of Wilmington creating the Municipal Court the sole and
exclusive jurisdiction of the offence charged was vested in that

court. The act provides that "the said Municipal Court shall have sole and exclusive jurisdiction to inquire of, hear, try and finally determine all those criminal matters and offences enumerated in the fifteenth section of the sixth article of the amended constitution and committed within said city, and to punish all persons convicted of said offenses, or any of them, agreeably to the laws of this State." 17 Del. Laws ch. 207 § 15.

Under this provision therefore the Municipal Court is constitutionally established and invested with this jurisdiction and the sole cognizances of assault and batteries as vested in it.

*Giles,* Deputy Attorney General, for the State. This being a penal statute in derogation of the common law it must be strictly construed ; Sutherland, Statutory Construction, § 349.

Where a later statute contains no reference to the former statute and defines an offence containing some of the elements constituting the offence defined in such former statute and other elements it is a new and substantive offence, and where a new law covers the whole subject matter of an old one, adds new offences, and prescribes different penalties for those enumerated in the old law, then such former law is repealed by implication. Southerland, Statutory Construction, §§ 143,380.

LORE, C. J., delivered the opinion of the Court.

This is an indictment for assault and battery. · You describe the party as an election officer in the city of Wilmington : that appears upon the face of the indictment. This is in a court of inferior jurisdiction. The Legislature has seen fit to create the Municipal Court, and to that court it has given sole and exclusive jurisdiction—among other things—of assaults. This is an assault ; and we think the jurisdiction extends not only to common law assaults but to any assault created by statute, unless the Municipal Court was distinctly ousted by express terms. We think this indictment ought to be quashed, and so order.